IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEROME J. PATELUNAS II, and family, | : | No. 3:23cv2167 |
| Plaintiffs | : | (Judge Munley) |
| v. | : | |
| UNITED STATES, et al. Defendants | : | |

## MEMORANDUM

After being advised that his motion for immediate injunctive relief filed in a separate action would be taken under advisement by the court, (See 3:23cv2130, Doc. 5), Plaintiff Jerome J. Patelunas, II initiated the above-captioned *pro se* action under 18 U.S.C. § 1964(c) against the United States, the "Clerks Office," the Commonwealth of Pennsylvania, and Luzerne County.[1] Section 1964(c) provides a private civil remedy for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff also moves to proceed *in forma pauperis* ("IFP"). Under the prescreening provisions of 28 U.S.C. §

---

[1] No cause of action is pled in the complaint; however, plaintiff's civil cover sheet indicates he is bringing claims pursuant to "RICO." (Doc. 1-1). Additionally, plaintiff is *pro se* and has named unidentified family members as co-plaintiffs. Plaintiff cannot represent his family members *pro se*. To the extent that plaintiff attempts to represent their interests, his arguments on their behalf will not be considered.

1915(e)(2)(B)(i)-(ii), the court will dismiss plaintiff's complaint without leave to amend.

**Background**

Plaintiff filed his complaint on December 29, 2023. (Doc. 1). He alleges in a single paragraph that "Plaintiff Jerome J. Patelunas, II/family (hereafter JJPF) was maliciously and in violation of R.I.C.O. statutes denied access to immediate relief by federal and PA. state court. In order to protect criminal organization's unjust enrichment and criminal conspiracy, including witness intimidation of JJPF [sic]." (Doc. 1 at ¶ 3). Plaintiff also requests "immediate relief 'today' " and that "$6323.08 in federal withholding [be] immediately returned. To JJPF [sic]. . . ." (Id. at ¶ 4). Plaintiff further requests that all Pennsylvania real estate taxes paid on a property in Laflin Borough, Luzerne County from January 1, 2000 to the present be returned. (Id.). Plaintiff additionally seeks "all information on JJPF in U.S. Government and PA. State Government care [to be] immediately turned over to JJPF." (Id.). Further, plaintiff requests "a future proceeding whereby JJPF is 'made whole' from Jan. 1, 2000 to present as dictated by RICO statutes both federal and state of PA [sic]." (Id.).

As noted above, plaintiff filed a separate action one week prior, Patelunas v. Estate of Lupas, 3:23-cv-2130, for alleged violations of his civil rights under 42

U.S.C. § 1983. Named defendants in that action include the Estate of Anthony Lupas, Jr., "Unknown Co-Conspirators," Luzerne County, the Federal Bureau of Investigation ("FBI"), the Luzerne County Sheriff, the "Federal Bankruptcy Court," Stell Construction, Laflin Borough, G and R Engineering, the Department of Justice, Josh Shapiro (either as Governor of Pennsylvania or as Attorney General of Pennsylvania), the Pennsylvania State Police, the Pennsylvania Attorney General's office, the Commonwealth of Pennsylvania, David Lupas, and Tina Gartley. (Id.). Generally, that complaint averred an unexplained "criminal organization" and "Ponzi scheme" involving those defendants. By a separate memorandum and order, that matter has been dismissed as frivolous and for failing to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

Simultaneously with the filing of the complaint in this matter, plaintiff filed a motion for immediate injunctive relief only naming the Luzerne County Tax Claim Bureau. (Doc. 3). Luzerne County Tax Claim Bureau was not named as a defendant in the complaint. Plaintiff's motion appears to be a repurposed document that he has used in the past to seek relief in the Luzerne County Court of Common Pleas. (Id.). He filed the exact same motion in Patelunas v. Estate of Lupas, 3:23-cv-2130. In the motion for injunctive relief, plaintiff seeks the "replacement of all property including intellectual, reputation, and loss of

3

opportunity [sic] [,]" which he alleges is due to "theft," "threats of death," "witness intimidation," "violence," and an "ongoing RICO level criminal conspiracy." (Id.).

In handwritten all-caps attachments to the motion, plaintiff also avers that he was "directly threatened by an associate of orgainized crime the threat appears to be the reason that JJPF was granted an immediate PA. CCW[2] permit on. 5-25-2023 #40-56946 [sic]." (Id. at p. 3, ¶ 1). He also asserts that there is an ongoing "case-fixing" apparatus in Luzerne County, allegedly run by "Ponzi-scheme" operator Anthony Lupas, Jr. that allegedly provided $500,000 to "corrupt future D.A. = David Lupas (son) [sic]" who was allegedly "part of necesary [sic] apparatus of 'case-fixing' " (Id. at p. 3, ¶ 2, p. 4 ¶¶ 1-4). Plaintiff also alleges that "literally after [Lupas Jr.'s] death, the 'case-fixing'/etc [sic] continues." Plaintiff also now asserts that the Pennsylvania Supreme Court and United States Senator Robert P. Casey, Jr. are part of "corruption on a state wide scale" and that the undersigned should have recused from consideration of his civil rights matter.[3] (Id. at p. 3 ¶¶ 4, 7-8). Moreover, plaintiff alleges that "what

---

[2] The CCW permit referenced is believed to be a Pennsylvania License to Carry, which permits residents to conceal carry a firearm under Pennsylvania law. See 18 PA. CONS. STAT. §§ 6106, 6109.

[3] Plaintiff has not filed a motion for recusal. Pursuant to 28 U.S.C. § 455(a), a judge shall recuse herself in a proceeding in which her impartiality might reasonably be questioned. "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003)(citation omitted). "Recusal [...] is not a matter to be

transpired the other day in denying my requets [sic] for hearing are <u>exactly</u> what Anthony Lupas, Jr. and his criminal organization designed and maintained." (Id. at p. 4, ¶ 6). Per plaintiff, "V.I.P. = this series of decisions/events is the <u>core</u> of statewide case-fixing. It is a sophisticated/effective apparatus [sic]." (Id. at p. 3, ¶ 9). Plaintiff also moves for leave to proceed IFP bringing this case to its present posture. (Doc. 2).

**Jurisdiction**

As this case is brought pursuant to 18 U.S.C. § 1964(c) for constitutional violations, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In civil actions initiated with IFP motions, the court may properly dismiss an action *sua sponte* under the prescreening provisions of 28 U.S.C. § 1915(e). See <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013), <u>partially abrogated on other</u>

---

lightly undertaken by a district judge." <u>Simonson v. Gen. Motors Corp.</u>, 425 F. Supp. 574, 578 (E.D. Pa. 1976). "[T]here is as much obligation upon a judge not to recuse herself when there is no occasion to do so as there is for her to recuse when there is." <u>Svindland v. Nemours Found.</u>, 2009 WL 2603183, at *2 (E.D. Pa. Aug. 21, 2009)(citations omitted). The undersigned sees absolutely no basis for recusal in either of plaintiff's matters. Rather, the naming of the undersigned in his motion for injunctive relief to force a recusal is clearly an attempt by plaintiff to "judge shop" and otherwise waste the resources of the judiciary and court staff.

5

grounds by Coleman v. Tollefson, 575 U.S. 532 (2015). Specifically, the court shall dismiss an IFP case at any time if it determines that the action: 1) "is frivolous or malicious," 2) "fails to state a claim on which relief may be granted," or 3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Although enacted as part of the Prison Litigation Reform Act, "the provisions of § 1915(e)(2) apply to all IFP complaints, not simply those filed by prisoners." Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007)(citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3d Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)).

**Discussion**

**A.     Plaintiff's Complaint is Frivolous and Malicious**

Under § 1915(e)(2)(B)(i), a case is "frivolous," and subject to dismissal when it lacks an arguable basis either in law or fact. Parker v. Univ. of Pennsylvania, 239 F. App'x 773, 775 (3d Cir. 2007)(citing Neitzke v. Williams, 490 U.S. 319, 325 (1989)(dismissing an appeal based on its frivolousness). A claim may be dismissed as legally frivolous where it depends on an indisputably meritless legal theory. Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (citations omitted). A court may dismiss a claim as factually frivolous if the facts alleged are "clearly baseless," which encompasses allegations that are "fanciful,"

"fantastic," and "delusional." Denton v. Hernandez, 504 U.S. 25, 33 (1992)(discussing Neitzke). As further explained:

> [A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis complaint* may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction."

Id. (citation omitted). Furthermore, a frivolousness determination is within the discretion of the court. Id.

As indicated above, the civil cover sheet indicates that plaintiff seeks to proceed with a RICO action. A civil RICO action may be brought by, "[a]ny person injured in his business or property by reason of a violation of section 1962[,]" which lists prohibited activities 18 U.S.C. §§ 1962(a)-(d), 1964(c). "In order to plead a violation of RICO, plaintiffs must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. A pattern of racketeering activity requires at least two predicate acts of racketeering." Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004), abrogated on other grounds recognized by In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 323 n.22 (3d

Cir. 2010). (internal citations omitted). Conclusory statements are insufficient to state a valid RICO claim. Id. at 224.

Plaintiff's complaint[4] alleges that the United States, the Clerk of Court for the Middle District of Pennsylvania, the Commonwealth of Pennsylvania, and Luzerne County all violated the RICO statute[5]. No other facts, however, are pled to support these conclusory statements. As discussed further below, plaintiff's other motions also contain no facts to support these conclusions, rather, they serve only to make the alleged RICO conspiracy greater in size, scope, and influence by apparently naming as many government officials as plaintiff could think of at the time he filed.

After a careful review of all of plaintiff's filings, it is again impossible for the court to understand plaintiff's legal theories. In assessing plaintiff's conclusory statements, if plaintiff is alleging a pattern of racketeering activity, he has not pled any predicate acts as they relate to him. Rather, he has simply identified "the

---

[4] The court recognizes that *pro se* filings are liberally construed and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[5] His prior civil rights complaint at 23cv2130 alleged that various known and unknown federal, state, local, and private actors, including a decedent's estate, a construction company, two Luzerne County Court of Common Pleas judges, a borough, Pennsylvania's governor, the FBI, and the Department of Justice, are operating as a "criminal organization" and targeting plaintiff to conceal their "Ponzi scheme" and prevent plaintiff from "providing testimony and evidence" and publishing a book about corruption.

8

government," be it local, state, and federal and called its unspecified acts violative of federal law. When considering plaintiff's statements about a multi-level, cross-jurisdictional "criminal organization," there should be at least some facts to support those grand declarations. Here, plaintiff pleads none.

Complaints filed by *pro se* litigants against the government under the RICO statute for alleged massive conspiracies are frequently dismissed as frivolous. See Gaskins v. Santorum, 324 F. App'x 147, 149 (3d Cir. 2009)(affirming dismissal of a *pro se* RICO action naming several dozen alleged actors involved in a Pittsburgh redevelopment project); Caesar v. Megamillion Biggame Lottery, 193 F. App'x 119, 120 (3d Cir. 2006)(affirming dismissal of a *pro se* RICO action where a plaintiff alleged a sweeping conspiracy to steal her winning lottery tickets); Ellerbe v. PA Gen. Assembly, No. CV 19-3554, 2019 WL 4058975, at *1 (E.D. Pa. Aug. 28, 2019). Cebe v. Zola, No. 3:22-CV-01570, 2023 WL 3919568, at *1 (M.D. Pa. Jan. 3, 2023), report and recommendation adopted, No. 3:22-CV-1570, 2023 WL 3919556 (M.D. Pa. June 9, 2023). Likewise, plaintiff's complaint will be dismissed as frivolous under § 1915(e)(2)(B)(i).

Additionally, by filing this complaint in reaction to not getting an immediate hearing in his other matter, plaintiff acted with spite and retribution in mind.

Thus, his lawsuit is also "malicious" and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

When a court considers whether an action is "malicious" it must "engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995). In conducting this analysis, plaintiff's complaint was clearly filed in retaliation for not being immediately heard by the court on a baseless motion for injunctive relief in the other matter a week earlier. As a result of having his motion for injunctive relief taken under advisement by the court, plaintiff sued the United States of America and the Clerk of Court's office. He reacted against the office responsible for processing his paperwork and filing his original action. Other than vindictiveness, no other basis exists for an action against the individuals of that office assigned with those tasks. Moreover, plaintiff proceeded to place other attention-seeking averments in his new filings. As discussed above, plaintiff even named the undersigned in his motion for injunctive relief in a flawed attempt to force a recusal and further waste the resources of the Clerk of Court's office. Subjectively, plaintiff's efforts can only be construed as attempts to harass and his complaint will also be dismissed as malicious under § 1915(e)(2)(B)(i).

## B. Plaintiff's Complaint Fails to State a Claim

In addition to being frivolous and malicious, plaintiff's complaint also fails to state a claim upon which relief can be granted for the same reasons set forth above. In screening claims under § 1915(e)(2)(B)(ii), district courts apply the same standard governing motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). See, e.g., Smithson v. Koons, No. 15cv1757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying the Rule 12(b)(6) standard for dismissal for failure to state a claim under § 1915(e)(2)(B)).

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). The plaintiff, however, must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Id. at 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard

which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations, internal quotations, and quotation marks omitted). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. 679. Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at 681. Deciding whether a claim is plausible is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." Id. at 681.

As noted above, plaintiff's complaint offers no facts to support his allegations of a "criminal organization" only conclusions. "Asking for plausible grounds" on a motion to dismiss "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." Twombly, 550 U.S. at 545. Here, however, plaintiff simply pleads some nebulous "criminal organization" involving all levels of the government with no other facts. He offers no explanation how each of the individual defendants fit into this alleged system. He offers no explanation how any of the named defendants have acted against him. Based on this pleading, there is no expectation that litigation will reveal anything other than the bare conclusions offered in plaintiff's complaint.

In evaluating the sufficiency of a complaint, the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court, however, does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450

F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Thus, the court has also reviewed plaintiff's motion for injunctive relief and considers the filings in the earlier civil action to make sense of his complaint in this case.

Plaintiff's motion for injunctive relief however simply merges his other frivolous action with this frivolous action and adds other government bodies and officials to the alleged "corruption" and "case-fixing" on a "state-wide scale." His motion for injunctive relief mentions alleged criminal acts from individuals and government entities not named in this action. Plaintiff, however, fails to connect any dots. He offers no explanation how each of the individual defendants fit into this alleged system. He offers no explanation how any of the defendants have acted against him. These other filings ultimately do not supplement or clarify plaintiff's claims as pled in the complaint and do not plead any of the elements necessary to move forward with a civil RICO action. Thus, in addition to being frivolous and malicious, plaintiff's complaint will also be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii).

**C.    Leave to Amend**

"Dismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or

futile." Grayson, 293 F.3d at 112–13. Grayson, 293 F.3d at 108. Based on the nature of the broad conclusions and deficient facts alleged in plaintiff's complaint, any attempt to amend his civil RICO action against the named defendants would clearly be futile. Thus, plaintiff will not be granted leave to file an amended complaint.

**Conclusion**

For the above reasons, plaintiff's complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and his motion for preliminary injunctive relief (Doc. 3) will also be dismissed as moot. The Clerk of Court will be directed to close this case.

Date: 1/4/24

JUDGE JULIA K. MUNLEY
United States District Court